**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT WARD and DILLON GASTON,
    Plaintiffs,

CASE NO.:

v.

HUVI, INC.,
    Defendant.
_____/

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

**COMPLAINT**

COMES NOW Plaintiffs ROBERT WARD and DILLON GASTON by and through their undersigned counsel, do hereby sue the Defendant HUVI, INC. and alleges as follows:

**GENERAL ALLEGATIONS**

1. Defendant HUVI, INC. (hereinafter "Defendant" or "Huvi") is an active Florida Corporation, with its principal place of business at 355 North Rosalind Avenue, G-05, Orlando, FL 32801.

2. Plaintiff ROBERT WARD (hereinafter "Plaintiff Ward") was an employee of Defendant who, at all times herein, was employed by Defendant as a "Studio Technician."

3. Plaintiff DILLON GASTON (hereinafter "Plaintiff Gaston") was an employee of Defendant who, at all times herein, was employed as "IT/Logistics."

4. At all times relevant, Defendant employed over 15 employees in Florida.

5. The amount in controversy is currently over $75,000.00.

6. Plaintiffs, both former employees of Defendant, bring this action to recover unpaid wages and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiffs were not paid wages for hours worked while working for Defendant. When Plaintiffs hired the undersigned counsel to pursue the unpaid

Page **1** of **8**

wages and emailed Upper Management about said unpaid wages, Plaintiffs were immediately terminated in retaliation, in violation of Federal law.

7. Jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C. §§ 1331 and 1367, and 42 U.S.C. § 2000e-5(f)(3).

8. Jurisdiction is further conferred on this Court by 28 U.S.C. § 1367 (supplement jurisdiction) for breach of contract.

9. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

10. At all times material hereto, Plaintiffs were and are presently residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

11. At all times material hereto, Defendants were the employers of the Plaintiffs, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" *Obregon v. Jep Family Enterprises, Inc.*, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); *see Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-51 (5th Cir. 1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

12. Plaintiffs' work for the Defendant affected and/or involved interstate commerce during the relevant time period. Plaintiffs regularly used the internet and interstate communications systems in connection with their work for Defendant. The Plaintiffs' work for the Defendant was

actually in and/or so closely related to interstate commerce while they worked for the Defendant that the FLSA applies to Plaintiffs' work for the Defendant.

### Allegations Specific to Plaintiff Ward

13. Plaintiff Ward has established a clear employment relationship between himself and Defendant, as evidenced by the Employment Agreement signed September 20, 2021.

14. Plaintiff Ward has not been paid for his hours worked since May 27, 2022.

15. Plaintiff Ward was not paid on June 10, 2022, and was not paid on June 24, 2022.

16. In an attempt to recover his unpaid wages/commissions, Plaintiff Ward sent numerous emails to upper management and was continually ignored.

17. On June 14, 2022, Plaintiff Ward sent a formal email stating his statutory rights and copying Plaintiff's attorney.

18. As immediate and direct retaliation for said email and for engaging the undersigned counsel for violations of the FLSA, Plaintiff Ward was notified of his termination, effective June 17, 2022, by Defendant's CEO Roger Warren.

19. Plaintiff Ward has still not been paid for his time worked as a Studio Technician for Defendant.

20. Plaintiff Ward signed an Employment Agreement (attached heretofore as **Exhibit "A"**) with Defendant for a "four (4) year term."

21. Plaintiff Ward was terminated, without cause, effective June 17, 2022.

22. Defendant has thus materially breached the Employment Agreement, and Plaintiff Ward is further owed the remaining term of his Agreement; 3 years and 3 months (39 months).

23. The remaining term of Plaintiff Ward's Agreement is estimated at $162,500.

24. Plaintiff Ward has consistently and adequately fulfilled his job responsibilities.

25. The above represents only a portion of the demand that Plaintiff Ward is demanding and is only a brief summary of Defendant's on-going violations of the Fair Labor Standards Act and the individual Employment Agreement.

### Allegations Specific to Plaintiff Gaston

26. Plaintiff Gaston has established a clear employment relationship between himself and Defendant, as evidenced by the Employment Agreement signed September 17, 2021.

27. Plaintiff Gaston has not been paid for his hours worked since May 27, 2022.

28. Plaintiff Gaston was not paid on June 10, 2022, and was not paid on June 24, 2022.

29. In an attempt to recover his unpaid wages/commissions, Plaintiff Gaston sent numerous emails to upper management and was continually ignored.

30. On June 14, 2022, Plaintiff Gaston sent a formal email stating his statutory rights and copying Defendant's attorney.

31. As immediate and direct retaliation for said email, Plaintiff Gaston was notified of his termination, effective June 17, 2022, by Defendant's CEO Roger Warren.

32. Plaintiff Gaston has still not been paid for his time worked as "IT/Logistics."

33. Plaintiff Gaston signed an Employment Agreement (attached heretofore as **Exhibit "B"**) with Defendant for a "four (4) year term."

34. Plaintiff Gaston was terminated, without cause, effective June 17, 2022.

35. Defendant has thus materially breached the Employment Agreement, and Plaintiff Gaston is further owed the remaining term of his Agreement; 3 years and 3 months (39 months).

36. The remaining term of Plaintiff Gaston's Agreement is estimated at $162,500.

37. Plaintiff Gaston has consistently and adequately fulfilled his job responsibilities.

38. The above represents only a portion of the demand that Plaintiff Gaston is demanding and is only a brief summary of Defendant's on-going violations of the Fair Labor Standards Act and the individual Employment Agreement.

## COUNT I
### FLSA – Unpaid Wages

39. Plaintiffs realleges paragraphs 1-38 as if fully alleged herein.

40. Pursuant to the FLSA, Plaintiffs are entitled to payment for all hours worked during their employment with Defendant.

41. Defendant has failed to pay Plaintiffs for several weeks of hours worked.

42. Defendant acted willfully and maliciously in failing to pay proper wages to Plaintiff Ward and Plaintiff Gaston.

43. Plaintiff Ward and Plaintiff Gaston were not paid any wages for their work performed from May 27, 2022, through June 17, 2022.

44. By reason of the intentional, willful, and unlawful acts of Defendant in violation of the FLSA, Plaintiffs have suffered and continue to suffer monetary damages.

45. Plaintiffs demand trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs, and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
### FLSA - Retaliation

46. Plaintiffs reallege paragraphs 1-38 as if fully alleged herein.

47. Defendant's termination of the Plaintiffs employment was done directly in retaliation for their complaints of FLSA violations.

48. Plaintiffs both emailed formal complaints of FLSA violations on or about June 14, 2022.

49. Plaintiffs were both retaliatorily terminated on or about June 17, 2022.

50. Defendant's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious. As a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiffs have suffered and continue to suffer damages.

51. Plaintiffs demand trial by jury on all issues so triable.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
Breach of Contract

52. Plaintiffs reallege paragraphs 1-38 as if fully alleged herein.

53. This is an action for damages for breach of contract against Defendant.

54. Jurisdiction is conferred on this Court by 28 U.S.C. § 1367 (supplement jurisdiction).

55. Plaintiff Ward and Plaintiff Gaston each entered into a written Employment Agreement as described above to pay Plaintiff Ward and Plaintiff Gaston for their work.

56. Plaintiff Ward entered into the Employment Agreement with Defendant on September 20, 2021, to work as a Studio Technician.

57. Plaintiff Gaston entered into the Employment Agreement with Defendant on September 17, 2021, to work for IT/Logistics.

58. In both Plaintiff Gaston and Plaintiff Ward's Employment Agreements, the term of employment was said to be for a four (4) year term.

59. Defendant has willfully failed to pay Plaintiff Ward and Plaintiff Gaston for work performed.

60. Plaintiff Ward and Plaintiff Gaston have been damaged due to Defendant's willful failure to pay Plaintiff Ward and Plaintiff Gaston for the appropriate agreed upon commissions and/or wages.

61. By failing to adequately and properly pay Plaintiff Ward and Plaintiff Gaston, Defendant breached the Employment Contracts made with Plaintiff Ward and Gaston, thereby causing damages as alleged in this Complaint.

62. Upon reporting violations of the FLSA and the Employment Agreements, via electronic mail, Plaintiff Ward and Plaintiff Gaston were terminated by Defendant's CEO on or about June 17, 2022, prior to the term running of their Employment Agreements.

63. As a direct and proximate result of Defendant's willful, knowing, and intentional actions, Plaintiff Ward and Plaintiff Gaston have suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and they have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Ward and Plaintiff Gaston are thereby entitled to general and compensatory damages in amounts to be proven at trial.

64. As a further direct and proximate result of Defendant's violation of the Employment Agreements, as heretofore described, Plaintiff Ward and Plaintiff Gaston have been compelled to retain the service of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Ward and Plaintiff Gaston.

65. Plaintiff Ward and Plaintiff Gaston are informed and believe, and based thereon allege, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for their rights and with the intent, design and purpose of injuring them. Plaintiff Ward and Plaintiff Gaston are further informed and believe that Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

66. Plaintiff Ward and Plaintiff Gaston demand trial by jury on all issues so triable.

WHEREFORE, Plaintiff Ward and Plaintiff Gaston pray this Court award judgment in their favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

Dated:  March 17, 2023                                Respectfully Submitted,

*/s/ Kathryn C. Hopkinson*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khopkinson@hopkinsonlawfirm.com

HOPKINSON LAW, LLC

210 North Excelda Avenue
Tampa, FL 33602
(508) 274-9169

*Counselor for Plaintiffs Robert Ward and Dillon Gaston*