UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT WARD and DILLON GASTON,**

      **Plaintiffs,**

v.                        Case No: 6:23-cv-500-WWB-EJK

**HUVI, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiffs' Application for Clerk's Entry of Default (the "Motion"), filed April 20, 2023. (Doc. 11.) Therein, Plaintiffs seek default against Defendant HUVI, Inc. (*Id.*) Upon consideration, the Motion is due to be granted.

### I.  BACKGROUND

Plaintiffs filed a Complaint against Defendant HUVI, Inc., on March 17, 2023, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Plaintiffs were employed by Defendant from September 2021 through June 2022, when their employment was terminated. (*Id.* at 3–4.) On March 28, 2023, Plaintiffs served Defendant by leaving a copy of the Summons and the Complaint with Jose Gomez at 1745 Oviedo Mall Blvd., Oviedo, Florida 32765, which is Defendant's

principal address.[1] (Doc. 6.) The Return of Service indicates that Jose Gomez is a "team member" at Huvi, Inc. (*Id.*)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Defendant has not responded to Plaintiffs' Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiffs perfected service on Defendant.

---

[1] *Detail by Entity Name of HUVI, INC*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=HUVI%20P180000495131&aggregateId=domp-p18000049513-8dc77aa6-6233-47fc-b014-9649e0d39d14&searchTerm=huvi&listNameOrder=HUVI%20P180000495131 (last visited April 20, 2023).

Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under Florida Statute § 48.091. *See* Fla. Stat. § 48.081. Alternatively, if service cannot be made under § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).

According to Florida public records, 1745 Oviedo Mall Blvd., Oviedo, Florida 32765 is Plaintiff's principal place of business. According to the Verified Return of Service, service was originally attempted at this address on March 27, 2023, but the business was closed. (Doc. 6.) Therefore, pursuant to Florida Statute § 48.081(3)(a),

Defendant's employee, Jose Gomez, can be served on behalf of Defendant.[2] Therefore, as Defendant was served on March 28, 2023, in compliance with the federal rules, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Application for Clerk's Entry of Default (Doc. 11) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant HUVI, Inc.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] Florida Statute § 48.081(3)(a) states:

> As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. *A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.*

(emphasis added).