**Martinez & Warren (Huvi, Inc)**

THIS AGREEMENT is made this 17 day of September, 2021 between **Dillon Gaston** residing at 7871 Sycamore Dr New Port Richey FLORIDA 34654 (hereinafter "Executive") and MARTINEZ & WARREN (HUVI, INC), A FLORIDA CORPORATION, with its principal place of business at 37 N Orange Ave, 1000C, Orlando, FL 32801(hereinafter "Employer/Company").

WHETHERAS, the Company wishes to assure itself of the services of Executive for the period provided in this Agreement, but only if the confidential information and customers lists are protected, and Executive is willing to serve in the employ of the Company upon the other terms and conditions hereinafter provided; and

WHETHERAS, the Company wants to keep all the Company information confidential and does not want same to be disclosed to anyone; and

WHETHERAS, the Company does not want the Executive to use the information being provided to circumvent the Company and its business:

NOW, THIS/HEREFORE, in consideration of the mutual covenants herein contained, the parties his/hereto his/hereby agree as follows:

1. EMPLOYMENT. Employer his/hereby employs Executive ("EXECUTIVE"), for the Company. Executive his/hereby accepts such employment on the terms and conditions set forth below.

2. DUTIES OF EMPLOYMENT. Executive shall be engaged as **IT/ Logistics** and shall perform such other duties as are performed customarily by one so employed in other businesses or enterprises of a similar nature as that of Employer, as well as any other services requested by Employer. Executive also shall render such other and unrelated services and duties as may be assigned to him/his/her from time to time, consistent with his/her employment hereunder. Nothing contained herein shall prohibit Executive from making passive or personal investments.

1

3. PERFORMANCE OF DUTIES. Executive shall perform all duties required by the Employer and consistent with those duties described above pursuant to the express terms of this Employment Contract, to the best of his/her ability, experience, and talent. Either party may not terminate this Agreement. Company may only terminate this Agreement with consent of John Gaston, or if employee is terminated for cause (for cause is defined as a fraudulent act). Employee may terminate at any time.

4. DURATION OF EMPLOYMENT. The term of employment shall be for four (4) year term, unless changed by John Gaston.

5. COMPENSATION.

(a) Base Compensation. For all services rendered by the Executive in any capacity during his/her employment under this Agreement, including, without limitation, services as an executive, officer, director, or member of any committee of the Company, the Company, commencing with the Effective date and for a period of forty-eight (48) months this/hereafter ("Base period"), shall pay a base compensation to Executive at the rate per the attached Exhibit A payable in accordance with Employer's normal payroll procedures.

6. CONFIDENTIALITY. All clients, Employer contacts, customers, advertising, sales, marketing and other materials or articles of information, including without limitation customer sales analyses, invoices, price lists or information, samples or any other materials or data of any kind furnished to or by Executive and/or developed by Executive in connection with his/her services his/hereunder, are and shall remain the sole and confidential property of the Company: if Company requests the return of such materials at any time during or at or after the termination of Executive's Agreement, Executive shall immediately deliver the same to the Company.

(a). Executive covenants and agrees that all information discussed with or obtained from Company and/or its officers, managers, directors, shareholders, members, employees, agents and representatives, or acquired through the inspection of Company's property and records, or

2

property to or in which Company has any rights shall be deemed to be confidential and proprietary information of Company (the "Confidential Information"). Confidential Information will all include, but not be limited to, financial statements, financial information include profit margins, projections, information about customers, suppliers, and vendors, and information about patents, trademarks, software and other intellectual property. Confidential Information also includes product lists, supplier lists, buyer lists, all know-how, business methods, plans, designs, specifications, processes, inventions and ideas, product specifications, drawings, photographs, equipment, devices, tools, apparatus and all technical data and information, computer programs including source codes and/or object codes, sales and marketing data and plans, pricing and cost information, supplier information including but not limited to vendor relationships and pricing agreements, and any and all other information, materials, and ideas not generally known to the public, which Company discloses, reveals to, provides for, delivers to or otherwise transmits to the Executive whether such information shall be verbal, written, electronically recorded or taped, graphic, photographic, recorded or entered on computer storage media of any nature or physical form, and whether this information shall be labeled as confidential or not.

    (b)    Executive shall use the Confidential Information solely for the purposes of promoting Company's Business. Except as otherwise specifically provided herein, Executive shall not use the Confidential Information in any way, directly or indirectly, detrimental to Company and/or its employees, manager, members, shareholders, officers and agents, and in any manner, directly or indirectly, for the benefit of Executive or any third party. Executive shall not disclose the Confidential Information to any person or entity unless and until a Definitive Agreement is entered into by Executive and then only to the extent disclosure or use is permitted in the Definitive Agreement. Executive shall not copy, photograph or reproduce in any manner, and shall instruct his agents and representatives not to copy, photograph or reproduce in any manner, in whole or in part, the Confidential Information, without the prior written consent of Company. Upon termination of the negotiations between Company and Executive or at the request of Company, Executive shall immediately return to Company all Confidential Information and all materials prepared by Company or Executive (or its agents and representatives) which contain or otherwise relate to the Confidential Information, including, without limitation, any and all copies or reproductions thereof. Executive agrees to immediately upon demand by Company destroy all copies of any analyses, compilations, studies or other documents or items prepared by Executive or his agents and representatives or for the use of Executive containing or verifying any Confidential Information.

(c)   Executive shall not under any circumstances contact or attempt to contact

> any of the Company's employees, contractors, suppliers, customers or other individuals or businesses introduced to Executive by Company without the prior written consent of Company which consent may be unreasonably withheld.

(d)   The Confidential Information will be kept confidential by Executive. Executive shall cause his agents and representatives to agree to be bound by this Agreement and to comply with this Agreement's provisions prior to any disclosures to them. Executive agrees to be responsible and/or liable for any breach of this Agreement by Executive's agents or representatives. In the event that Executive or any of his agents or representatives becomes legally compelled to disclose any of the Confidential Information, Executive shall provide Company with prompt prior written notice of such requirement so that Company may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Agreement. In the event that such protective order or other remedy is not obtained, or that Company waives compliance with the provisions hereof, Executive agrees to furnish only that portion of the Confidential Information which Executive is advised by written opinion of counsel that is legally required and to exercise best efforts to obtain assurance that confidential treatment will be accorded such Confidential Information.

7.   CONTRACT TERMS EXCLUSIVE. This written Employment Contract contains the sole and entire agreement between the parties and supersedes any and all other agreements between them. The parties acknowledge and agree that neither of them has made any representation with respect to the subject matter of this agreement or any representations inducing the execution and delivery his/hereof except such representations as are specifically set forth herein, and each party acknowledges that he or it has relied on his or its own judgment in entering into the agreement. The parties further acknowledge that any statements or representations that may have his/heretofore been made by either of them to the other are void and of no effect and that neither of them has relied this/hereon in connection with his or its dealings with the other.

8. MODIFICATION. No waiver or modification of this Employment Contract or of any covenant, condition, or limitation herein contained shall be valid unless in writing and duly executed by the party to be charged this/herewith. Furthermore, no evidence of any waiver or modification shall be offered or received in evidence in any proceeding, arbitration, or litigation between the parties arising out of or affecting this agreement, or the rights or obligations of any party his/hereunder, unless

such waiver or modification is in writing, duly executed as aforesaid. The provisions of this paragraph may not be waived except as herein set forth.

9. ATTORNEY'S FEES.  In the event of any dispute, claim or disagreement between the parties to this Employment Contract arising from the terms, conditions and duties herein, Employer shall be entitled to recover its reasonable attorney's fees and costs in the event Employer is the prevailing party, whether in litigation or arbitration or whether Employer is plaintiff or defendant, including any appeals.

10. ARBITRATION.  Any dispute, claim or disagreement concerning this Employment Contract or the terms, duties, or conditions of Executive's employment by Employer, including whether such dispute or claim is arbitrable, shall be settled by arbitration in Orange County, Florida.  The arbitration proceedings shall be conducted under the applicable rules of the American Arbitration Association or its successor. The decision of the arbitrator, including any determination of monetary damages, shall be final and binding on both parties, their successors and assigns.

11. SITUS.  This Employment Contract shall be governed by Florida law.  Should a dispute or claim arise, resulting in litigation or arbitration, the parties agree that venue shall be exclusively within Orange County, Florida and that arbitration shall take place in Orange County, Florida.

12. GENDER.  Whether Executive is referred to in the masculine form, it is expressly acknowledged by the parties that female gender also is included, and no inferences are to be drawn from use of the masculine form other than simplicity of language for this Employment Contract.

13. ASSIGNMENT OF BENEFITS.  This agreement shall inure to and shall be binding upon the parties his/hereto, the successors and assigns of the Company and the heirs and personal representatives of the Executive.

14.     SEVERABILITY.  If any provision of this Agreement shall be held invalid or unenforceable, the remainder of the agreement shall remain in full force and effect.  If any provision is held invalid or unenforceable with respect to particular circumstances, it shall remain in full force

and effect in all other circumstances.

15.  WAIVER.  The waiver by either party or any breach or violation of any provision of this agreement shall not operate or be construed as a waiver of any subsequent breach.

## NOTICE

All notices required to be given under the terms of this Agreement shall be in writing and shall be deemed to have been duly given if delivered to the addressee in person or mailed by certified mail, return receipt requested, as follows:

> If to the Company, addressed to:
> Martinez & Warren. (Huvi, Inc)
> 37 N Orange Ave, Suite 1000C
> Orlando, FL 32801
>
> If to Executive, addressed to: _7871 Sycamore Dr_
> _New Port Richey FL 34654_

or to any other address as the party to receive the notice shall advise by due notice given in accordance with this paragraph.

17.  **EQUITABLE RELIEF**.  Executive agrees and acknowledges that the Confidential Information, as it exists from time to time, is a valuable, special and unique asset of Company and that the terms of this Agreement are reasonable and necessary to protect the legitimate interests of Company and that Executive's and/or his agents' and representatives' violation or threatened (or attempted) violation of any of the terms of this Agreement would cause irreparable injury to Company, for which damages would be inadequate compensation.  Therefore, it is mutually agreed and stipulated that, in addition to any other remedies provided for by this Agreement (including, but not limited to, liquidated damages), at law or in equity, which Company may have, Company shall be entitled to (i) obtain in a court of law or equity a temporary and/or permanent injunction restraining the breaching person or entity from any further breach or threatened breach of such provisions; (ii) reimbursement from the Executive any attorneys' fees and costs (including appeals) incurred to enforce or defend this Agreement; and (iii) withhold and apply payments due to the Executive from Company towards such reimbursement for attorneys' fees and costs. Accordingly, Executive acknowledges, consents and agrees that in the event of any such violation or threatened (or attempted) violation, Company shall be entitled to immediately commence an action for any preliminary, temporary and permanent injunctive relief and other equitable relief, and Company shall be entitled to any such relief without the necessity of proving actual damages. Company shall further be entitled liquidate damages in the sum of five hundred thousand dollars.

6

MARTINEZ & WARREN (Huvi, Inc.)
(Employer/Company)

Roger Warren – Chairman-CEO
By_____

_____
Witness

Executive/Employee

_____
Witness

By: Dillon Gaston

7

## EXHIBIT A

**Base Pay** - $50,000 per Annual

**Bonus** – TBD.

**Benefits**

- Medical after 90 days
- 401K after 1 year
- Holiday pay (as outlined in Employee handbook)
- Vacation after 1 year – 1 week
- Vacation after 2 years – 2 weeks

8