## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT WARD and DILLON GASTON**,

                                      **Case No.:** 6:23-cv-00500-WWB-EJK

    Plaintiffs,

v.

**HUVI, INC.,**

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Robert Ward and Dillon Gaston ("Plaintiffs") and Defendant Huvi, Inc. ("Defendant") hereby file this Joint Motion for Approval of the Parties' Settlement and Dismissal with Prejudice (the "Motion") and respectfully request that the Court approve the Parties' settlement of Plaintiffs' claims in the above-captioned matter and dismiss this action with prejudice. In support of this Motion, the Parties state as follows:

## FACTUAL BACKGROUND

1.     On March 17, 2023, Plaintiffs instituted this action against Defendant, alleging violations of the unpaid minimum wage and retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  (Doc. 1.)

1

2.     Plaintiffs were employed with Defendant from on or about September of 2021 through on or about June of 2022.

3.     Plaintiffs allege that they were not compensated for time worked for Defendant.

4.     Defendant denies Plaintiffs' allegations, and states Plaintiffs were compensated correctly for all time worked.

5.     The Parties have discussed damages, assessed the economic realities of Plaintiffs' relationships with Defendant, and exchanged discovery concerning Plaintiffs' rate and method of pay, and hours worked. Given the Parties' respective positions on the issue of damages, there is a bona fide dispute as to whether Plaintiffs are entitled to any relief under the FLSA.

6.     Notwithstanding the factual and legal defenses that Defendant maintains are applicable in this matter, Defendant, taking into account the time and expense associated with the ongoing defense of this case and the uncertainty and risks inherent in any litigation, has agreed to a settlement of the above-styled action.

7.     In order to avoid the uncertainty and expense of protracted litigation of the Parties' bona fide dispute, the Parties' have agreed to resolve Plaintiffs' FLSA claims in the above-styled action by entering into the settlement agreement attached as "**Exhibit A**" to this Motion (the "**FLSA Settlement Agreement**").

8.      Pursuant to the terms of the FLSA Settlement Agreement, Defendant has agreed to pay Plaintiffs a total amount of $4,500.00 each (the "FLSA Settlement Sum"), consisting of $2,250.00 in satisfaction of each Plaintiffs' FLSA wage claim, and $2,250.00 in each Plaintiffs' liquidated damages' claim.

9.      The Parties agree that the negotiated terms of the FLSA Settlement Agreement represent a fair, reasonable, and just compromise of a *bona fide* dispute, and that Plaintiffs have not unfairly compromised their claims.

10.     The FLSA Settlement Agreement also provides that Defendant agree to pay Plaintiffs' counsel $14,000.00 in attorneys' fees and costs, which have been negotiated separately by the Parties without regard to the amounts paid to Plaintiffs.

11.      Additionally, the Parties negotiated and entered into a separate, confidential agreement and release (the "Separate Agreement") to resolve non-FLSA disputes between the Parties arising from Plaintiffs' breach of contract allegations in Count III of the Complaint.

12.     The consideration in the Separate Agreement is greater than $250 for each Plaintiff.  The consideration for the Separate Agreement has not been paid but is due 30 days after the Effective Date of the Separate Agreement.

13.     The Separate Agreement contains provisions of confidentiality, non-disparagement, and a general release of claims.

14.     More specifically, the Separate Agreement includes a mutual general release of all non-FLSA claims that Plaintiffs have against Defendant, including its parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities, arising on or before the Effective Date of the Separate Agreement, *except* for the claims excluded under Paragraph 5(b) of the Separate Agreement, as set forth below:

     a.  **Plaintiffs' general release of Plaintiffs' Claims in Paragraph 5(a) shall exclude, and Plaintiffs do not waive, release, or discharge:** (i) **Plaintiffs' Claims released or covered under the FLSA Settlement Agreement**; (ii) any right to file an administrative charge or complaint with or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission or other similar federal or state administrative agencies, although Plaintiffs waive any right to monetary relief related to any filed charge or administrative complaint; (iii) Plaintiffs' Claims that cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; and (iv) any right to file an unfair labor practice charge under the National Labor Relations Act. However, Plaintiffs and Plaintiffs' Releasors hereby represent and warrant that there are no known, anticipated, or pending claims against Defendant or the Defendant's Releasees existing as of the Effective Date that may be excluded under this Paragraph 5(b).

15.     The Separate Agreement is being entered into separate and apart from any agreement regarding Plaintiffs' claims under the FLSA, and the Parties stipulate that the purpose of the Separate Agreement is to fully settle and resolve with independent consideration any and all non-FLSA claims and disputes

between Plaintiffs and Defendant that are not otherwise settled and resolved in the FLSA Settlement Agreement, including, but not limited to, all claims and disputes in connection with Plaintiffs' breach of contract allegations of Count III of the Complaint.

16.     The acceptance of the FLSA Settlement Agreement was not conditioned upon the acceptance of the Separate Agreement.

### MEMORANDUM OF LAW

The Parties' FLSA Settlement Agreement may be approved by this Court upon the Court's finding that it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### A. FLSA Settlement Agreement

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court

for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee, the "internal" factors, and whether the settlement frustrates the purpose of the FLSA, the "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).

The settlement of this case involves circumstances in which the Court may approve the Parties' settlement. The proposed settlement arises out of an action brought by Plaintiffs against their employer, which is adversarial in nature.

During the litigation and negotiation of the settlement of this action, Plaintiffs and Defendant were both represented by counsel experienced in FLSA matters.

In agreeing to the terms of the FLSA Settlement Agreement, the Parties obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties agree that the instant action involves disputed issues, including whether Plaintiffs were properly compensated for all time worked and whether liquidated damages were appropriate against Defendant.

Plaintiff Robert Ward was employed as a Studio Technician for Defendant and was compensated an annual salary of $50,000. Defendant maintains that Plaintiff Robert Ward was properly compensated for all time worked. Plaintiff Robert Ward disputes this and maintains that he was not properly compensated for time worked and therefore entitled to recovery under the FLSA.

Plaintiff Dillon Gaston was employed as an IT/Logistics for Defendant and was compensated an annual salary of $50,000. Defendant maintains that Plaintiff Dillon Gaston was properly compensated for all time worked. Plaintiff Dillon Gaston disputes this and maintains that he was not properly compensated for time worked and therefore entitled to recovery under the FLSA.

It is the Parties' contention that in light of the issues in dispute, this is a fair and reasonable settlement and should be approved by this Court. There was no

fraud or collusion behind the settlement. Furthermore, additional litigation of this matter would have required the depositions of Plaintiffs and Defendant's corporate representative, among others. It also would have required the Parties to expend further resources in responding to discovery requests in addition to any preparation for trial and/or of dispositive motions. Counsel for each of the Parties agrees that the proposed settlement is fair in light of the contested issues in this case. Counsel for each of the Parties affirm the above summary, which the Court can use to determine the fairness of the proposed settlement.

Plaintiffs in this matter will recover a total amount of $4,500.00 each for their FLSA claims. Pursuant to the FLSA Settlement Agreement, Plaintiffs' attorney will receive a total of $14,000.00 for fees and costs. Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Parties represent that this amount was negotiated separately from the FLSA Settlement Sum received by Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

The attorney's fees and costs that the Parties agreed upon for Plaintiffs' counsel were negotiated separately from the settlement sums paid to Plaintiffs. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the FLSA Settlement Agreement as a fair resolution of a bona fide dispute.

### B.     Release of Non-FLSA Claims in Separate Agreement

The Parties have resolved Plaintiffs' non-FLSA claims by a separate, confidential agreement. "[C]ourts have approved separating settlement of the FLSA and non-FLSA claims into separate agreements, even where the non-FLSA agreement was not submitted to the court." *Wilburn v. Paradise Lawns & Landscaping, Inc.*, No. 6:14-cv-1557-Orl-37TBS, 2015 U.S. Dist. LEXIS 196959, at *6

(M.D. Fla. Feb. 13, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 196960 (M.D. Fla. Feb. 19, 2015); *see also Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10- cv-1583-Orl-36GJK, 2012 U.S. Dist. LEXIS 49277 (Mar. 26, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 49275 (M.D. Fla. Apr. 9, 2012).

However, in all such cases, "the existence of the separate agreement – if not the agreement itself – was made known to the Court, so the Court could consider whether the agreement's existence (as in *Yost*) or terms (as in *Wilburn*) affected the Court's consideration of the reasonableness of the FLSA settlement." *Mirles v. Saj*, No. 6:20-cv-1144-CEM-DCI, 2021 U.S. Dist. LEXIS 136303 (M.D. Fla. Mar. 26, 2021).

Here, the Parties have disclosed the existence of the Separate Agreement, including its general terms and the purpose for which it was entered. *See id*. at *24- 25 (stating that "[i]f the parties feel that the disclosure of an agreement would violate the agreement itself or any other provision of law, they may request leave to file the agreement under seal, or they may first disclose the existence of the agreement prior to disclosing the agreement itself or its substance").

Additionally, "the existence of a separate agreement settling . . . non-FLSA claims, with separate consideration paid, [is not] an impediment to the FLSA settlement." *Landfair v. Optimal Phone Interpreters, Inc.*, No. 6:12-cv-1747-Orl-37DAB, 2013 U.S. Dist. LEXIS 203367, at *8 (M.D. Fla. June 20, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 203368 (M.D. Fla. July 10, 2013); *see*

*also Yost*, 2012 U.S. Dist. LEXIS 49277, at *7-8 (recommending approval of FLSA settlement agreement and finding review of separate settlement agreement resolving state law claim and FLSA retaliation claims unnecessary where "its terms do not serve to contaminate the Agreement as to the FLSA claim") (citation omitted); *Stevenson v. RBC Bank USA, Inc.*, No. 6:10-cv-1624-Orl-28DAB, 2011 U.S. Dist. LEXIS 108021, at *3 (M.D. Fla. Aug. 19, 2011) (recommending approval of FLSA settlement agreement where parties had resolved "all other employment related claims, including those relating to a Charge of Discrimination pending before the EEOC" in a separate agreement), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 108025 (M.D. Fla. Sept. 22, 2011).

Here, the Parties' Separate Agreement does not relate to or involve Plaintiffs' FLSA claims, and Plaintiffs' the FLSA claims are specifically excluded from the general release in the Separate Agreement. *See Harrison v. Experis US, Inc.*, No. 3:16-cv-1392-J-25PDB, 2017 U.S. Dist. LEXIS 227102, at *13 (M.D. Fla. Aug. 22, 2017) (citation omitted), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 227101 (M.D. Fla. Sept. 7, 2017) (holding that "[b]ecause the parties settled the non-FLSA claims separately and that settlement does not appear to have affected the settlement terms of the FLSA claim, consideration of the separate settlement is unnecessary").

Based upon the foregoing, the Parties respectfully submit that the settlement reached pursuant to the FLSA Settlement Agreement was a reasonable compromise of Plaintiffs' claims under the FLSA. Pursuant to *Lynn's Food*, the Parties request that the Court approve the FLSA Settlement Agreement as fair and reasonable and dismiss the above-styled action with prejudice.

Dated this  9th day of November, 2023.

Respectfully submitted,

/s/ Jamie L. White
Jamie L. White, Esq.
Florida Bar No. 100018
Whitney DuPree, Esq.
Florida Bar No. 110036
SPIRE LAW, LLC
2752 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Telephone: (407) 494-0135
Email: jamie@spirelawfirm.com
whitney@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

*Attorneys for Defendant*

/s/ Kathryn C. Hopkinson
Kathryn C. Hopkinson, Esq.
Florida Bar No.: 0102666
HOPKINSON LAW, LLC
1510 West Cleveland Street
Tampa, FL 33606
(508) 274-9169 (m) | (813) 816-1514 (o)
khopkinson@hopkinsonlawfirm.com

*Attorneys for Plaintiffs Robert Ward and Dillon Gaston*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2023, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Kathryn C. Hopkinson, Esq., HOPKINSON LAW, LLC, 210 North Excelda Avenue, Tampa, FL 33609, khopkinson@hopkinsonlawfirm.com

_/s/ Jamie White_
Attorney

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT WARD and DILLON GASTON**,

                                 **Case No.:**  6:23-cv-00500-WWB-EJK

       Plaintiffs,

v.

**HUVI, INC.,**

       Defendant.

_____/

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of FLSA Claims (this "Agreement") is entered into by and between Huvi Inc. ("Defendant"), and Robert Ward and Dillon Gaston ("Plaintiffs").  Plaintiffs and Defendant, collectively, are referred to herein as the "Parties."

## RECITALS

**WHEREAS**, on March 17, 2023, Plaintiffs filed a lawsuit in the United States District Court for the Middle District of Florida, Orlando Division, styled *Robert Ward and Dillon Gaston v. Huvi, Inc.*, Case No. 6:23-cv-00500-WWB-EJK (the "Action"),  alleging unpaid wages and retaliation under the Fair Labor Standards Act (the "FLSA")[1];

**WHEREAS**, the purpose of this Agreement is to fully settle and resolve all wage, hour, and related attorneys' fees and costs claims by Plaintiffs against Defendant;

**WHEREAS**, subject to the terms of this Agreement, the Parties now desire to fully and finally settle all FLSA claims in the Action, including the reasonable amount of attorney's fees and costs for Plaintiffs' claims in the Action (in lieu of having such amount determined by the Court);

---

[1] Plaintiffs also proceeded with a Breach of Contract claim; however, that claim was resolved separate and apart from this Agreement and is not included in this definition of the "Action."

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions:

1)   <u>Recitals</u>. The Recitals set forth above are incorporated fully herein, are true and correct and form a material part of this Agreement.

2)   <u>No Admission of Liability</u>. Plaintiffs agree and acknowledge that this Agreement is not and shall not be construed as an admission by Defendant, or any person or entity acting on its behalf, of any liability or of any act or wrongdoing whatsoever, including without limitation, any violation of: (1) any federal, state, or local law, statute, regulation, code, or ordinance; or (2) of any legal, common law, or equitable duty owed by the Defendant to any entity, regulatory authority, or individual.  The Parties are entering this Agreement merely to avoid the expense and uncertainty associated with protracted litigation of this matter.

3)   <u>Settlement Payment</u>. Defendant shall pay the total sum of Twenty-Three Thousand Dollars and Zero Cents ($23,000.00 USD) (the "Settlement Amount") in consideration for the promises made herein, and in full and final settlement of the Action, including the reasonable amount of attorney's fees and costs incurred by Plaintiffs in this Action.

       i.   **Two Thousand Two Hundred Fifty Dollars and Zero Cents ($2,250.00, USD)** payable by check to Robert Ward for which an IRS Form 1099-MISC shall be issued.  Plaintiff Ward shall provide Defendant with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

      ii.   **Two Thousand Two Hundred Fifty and Zero Cents ($2,250.00, USD)** payable by check to Robert Ward with appropriate withholding/deductions for which an IRS Form W-2 shall be issued.  Plaintiff Ward shall provide Defendant with a fully completed and executed IRS Form W-4 on or before the Effective Date of this Agreement.

     iii.   **Two Thousand Two Hundred Fifty and Zero Cents ($2,250.00, USD)** payable by check to Dillon Gaston for which an IRS Form

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

1099-MISC shall be issued.   Plaintiff Gaston shall provide Defendant with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

iv. **Two Thousand Two Hundred Fifty and Zero Cents ($2,250.00, USD)** payable by check to Dillon Gaston with appropriate withholding/deductions for which an IRS Form W-2 shall be issued.   Plaintiff Gaston shall provide Defendant with a fully completed and executed IRS Form W-4 on or before the Effective Date of this Agreement.

v. **Fourteen Thousand Dollars and Zero Cents ($14,000.00 USD)**, payable by check to Hopkinson Law, LLC. ("Plaintiffs' Law Firm") for attorneys' fees and costs incurred by Plaintiffs in connection with the Action. Defendant will cause an IRS Form 1099 to be issued to Plaintiffs' Law Firm reflecting this amount, at the time and in the manner required by law.  Plaintiffs' Law Firm must provide a fully completed and executed IRS Form W-9 to Defendant's counsel on or before the Effective Date of this Agreement.

b. The Settlement Amount will be paid in four (4) payments as follows:

| Payment | Delivery Date | Check Payable to "Robert Ward" | Check Payable to "Dillon Gaston" | Check Payable to "Hopkinson Law, LLC" |
|---|---|---|---|---|
| 1 | 45 days after the Court's approval of the Agreement | | | $7,000.00 |
| 2 | 75 days after the Court's approval of | | | $7,000.00 |

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

| | | | | |
|---|---|---|---|---|
| | the Agreement | | | |
| 3 | 105 days after the Court's approval of the Agreement | $2,250.00 | $2,250.00 | |
| 4 | 135 days after the Court's approval of the Agreement | $2,250.00 less applicable withholdings | $2,250.00 less applicable withholdings | |
| **Total** | | $4,500.00 | $4,500.00 | $14,000.00 |

c.  The checks shall be delivered to Hopkinson Law, LLC, 210 North Excelda Avenue, Tampa, FL 33602. In the event of default by Defendant in making any of the payments, as scheduled above, Plaintiffs, through their attorney, shall give notice by email to the Defendant's attorney at jamie@spirelawfirm.com. Defendant shall then have ten (10) business days to cure the default without penalty or adverse consequence.

d.  Plaintiffs agree, warrant, and acknowledge that Defendant shall have no responsibility whatsoever for the payment of any taxes for which Plaintiffs are liable with respect to payments of the Settlement Amount. More specifically, Plaintiffs agree and acknowledge that, should any payments of the Settlement Amount be subject to any additional federal or state taxes (excluding the employer's lawful share of taxes and withholdings) (the "Additional Taxes"), Plaintiffs shall bear the sole and exclusive responsibility for paying the Additional Taxes, as well as any interest and penalties imposed thereon by the Internal Revenue Service, and agrees to indemnify and hold harmless Defendant to the extent that the Internal Revenue Service seeks to recover the Additional Taxes, as well as any interest and penalties imposed thereon by the Internal Revenue Service.

4

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

4) <u>Release of Wage and Hour Claims.</u> This Agreement shall constitute a release of all claims Plaintiffs might have under the FLSA, or similar law against Defendant as follows:

   a. Upon execution of this Agreement, the Parties shall file in the Action a Joint Motion for Approval of Settlement and Dismissal of this case with prejudice.

   b. In exchange for the consideration set forth in Paragraph 3, above, Plaintiffs, for themselves and their attorneys, heirs, executors, administrators, successors and assigns, hereby waive and release, knowingly and willingly, Defendant and Roger Warren and any person or entity acting on their behalf ("Releasees") from any and all wage or overtime claims of any nature whatsoever Plaintiffs have arising out of or related to the payment of regular or overtime wages for any work performed by Plaintiffs for any one or more of the Releasees, including, but not limited to, any claims Plaintiffs may have under the FLSA and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims of retaliation and claims for attorneys' fees which relate to the payment of wages. Plaintiffs also represent and certify that they, after receiving the total Settlement Amount, has received full compensation for all hours worked and services performed for Releasees, and that no further payment for hours worked or services performed is due to Plaintiffs by Releasees as of the Effective Date.

5) <u>Neutral Reference.</u> Upon any inquiry from Plaintiffs' subsequent employer, or from any prospective employer with whom Plaintiffs have applied for employment, regarding any work performed on an independent contractor or employment basis for Defendant, Defendant will provide such inquiring employer with only the following information: (a) the date on which Plaintiffs first provided services to Defendant, respectively, if any; (b) the last date on which Plaintiffs provided services to Defendant, respectively, if any; and (c) the title of the positions held by Plaintiffs.

6) <u>Cooperation of Parties.</u> The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents and to do all things reasonably necessary to complete and effectuate the settlement described in this Agreement.

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

7) <u>Incitement of Claims.</u>  Plaintiffs agree that Plaintiffs will not encourage or incite any person including, but not limited to, other current or former employees of Releasees to disparage or assert any complaint or claim with any agency or in federal or state court against Releasees.  Plaintiffs acknowledge that any incitement of others to file such claims would constitute a material breach of this Agreement.  Plaintiffs further warrants and represents that Plaintiffs are unaware of any other person who may have a claim or cause of action against Releasees for any reasons.

8) <u>No Construction Against Drafter.</u> This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

9) <u>Notices.</u> Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and sent by electronic mail and by Certified Mail, return receipt requested, as follows:

<u>As to Plaintiffs:</u>

Kathryn C. Hopkinson, Esq.
HOPKINSON LAW, LLC
1510 West Cleveland Street
Tampa, FL 33606
khopkinson@hopkinsonlawfirm.com

<u>As to Defendant:</u>

Jamie White, Esq.
Whitney M. DuPree, Esq. or
SPIRE LAW, PLLC
2572 W. State Rd 426,
Suite 2088
Oviedo, FL 32765
jamie@spirelawfirm.com
whitney@spirelawfirm.com
filings@spirelawfirm.com
jesse@spirelawfirm.com
marcela@spirelawfirm.com

10) <u>Evidentiary Preclusion.</u> To support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Agreement.

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

11) <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, assigns and successors and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

12) <u>Headings.</u> The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13) <u>Applicable Law and Venue</u>. This Agreement shall be governed by the laws of the State of Florida and any applicable federal law. Jurisdiction for enforcement, prosecution and venue shall lie exclusively in federal or state courts located in the State of Florida with jurisdiction over matters occurring in Orange County, Florida. In the event an action is instituted for breach of this Agreement, each party shall bear its own attorney's fees and costs, including attorney's fees and costs on appeal.

14) <u>Signatures in Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned e-mail copy of any party's signature shall be deemed as legally binding as an original signature.

15) <u>Modification of Agreement</u>. This Agreement may not be amended, revoked, changed, or modified in any manner, except upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

16) <u>Entire Agreement.</u> This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between them pertaining to the settlement of Plaintiffs' FLSA in the Action.

17) <u>Effective Date.</u> This Agreement shall be effective on the date that the last of Defendant or Plaintiffs executes this Agreement (the "Effective Date").

18) <u>Independent Investigation; Receipt of Advice of Counsel.</u> The Parties understand and acknowledge that they: (i) have performed an independent

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

investigation of the allegations of fact and law made in connection with the Action; and (ii) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect, or in any respect limit, the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with Plaintiffs' FLSA claims in the Action pursuant to the terms of this Agreement. Therefore, in furtherance of their intentions, this Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

**EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

**PLAINTIFFS:**                                    **DEFENDANT:**

_____      _____

Robert Ward                                       Roger Warren
                                                  on behalf of Huvi, Inc.
Date: _____      Date: _____
                                                  10 / 31 / 2023


_____

Dillon Gaston

Date: _____

8

Doc ID: 37b79c1c81562d883e085a1ac577b338504cb4db

investigation of the allegations of fact and law made in connection with the Action; and (ii) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect, or in any respect limit, the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with Plaintiffs' FLSA claims in the Action pursuant to the terms of this Agreement. Therefore, in furtherance of their intentions, this Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

**EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

**PLAINTIFFS:**                                    **DEFENDANT:**

_Robert Ward_                                    _____
_____

Robert Ward                                       Roger Warren
                                                  on behalf of Huvi, Inc.

Date: Nov 2, 2023 _____     Date: _____

_Dillon Gaston_
_____
Dillon Gaston (Nov 2, 2023 20:27 EDT)

Dillon Gaston

Date: 11/2/2023 _____

8